FILED
CLERK
7/16/2018 12:15 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SEAN TUTT, #16000223,

                Plaintiff,

      -against-

NASSAU COUNTY CORRECTIONAL CENTER,
SHERIFF MICHAEL J. SPOSATO, DEPUTY
MOODY, #2432; DEPUTY GRIMALDI, #2922;

                Defendants.
----------------------------------------------------------------X

**ORDER**
18-CV-00324 (JMA)(ARL)

**AZRACK, District Judge:**

    On January 17, 2018, incarcerated *pro se* plaintiff Sean Tutt ("plaintiff") commenced this action against the Nassau County Correctional Center ("the Jail"), Sheriff Michael J. Sposato ("Sheriff Sposato"), Deputy Moody, #2432 ("Deputy Moody"), and Deputy Grimaldi, #2922 ("Deputy Grimaldi" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1).

## I.    BACKGROUND[1]

    Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

    On September 27th, 2017, while in the custody of the Nassau County Sheriff's

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

> depart., complainants civil rights were violated when first Officer Moody grabbed me by one arm, putting the cuff on so tight it cut off my circulation and pushed me towards the cell bars I was already facing, causing my left cheek to make contact; lacerating the inside of jaw and cheek and ultimately breaking my tooth. Pulling my arm, he (Moody) guided me toward an officer Grimaldi who when I asked to loosen the cuffs proceeded to grab me by my shirt at or around the collar and neck area, holding me like that while he found a cuff key and turned me so he (Grimaldi) could then very slightly loosen the cuff on my left hand. When I said to him that the cuffs were cutting off my circulation still, his response was, "you're in jail, what did you expect?"

(Compl. ¶ IV.) As a result, plaintiff claims to have

> suffered a rotator cuff injury and what feels like a deltoid muscle tear in the left shoulder, tindenitus in the neck and severe muscle spasms an ocassional dull pain and/or a numbness in the left arm, hand and digits, where loss of any feeling causes complainant to not be able to grasp and hold an object in hand, but drop it. MRI's and X-rays were taken. X-rays of both left arm and neck don't reveal any broken bones but do reveal a spinal defect. MRI of neck and shoulder reveal swelling in both, consistent with a recent injury. There is swelling in the left shoulder and as beforementioned a tear in the left deltoid and the trapezius may also be torn. Complainant was told that the MRI revealed movement during the procedure which makes the results somewhat inconclusive but the MRI does reveal swelling and tindenitus in the left rotator cuff. Physical therapy is being administered but a regimen of pain meds were discontinued without explanation as to why, especially being that the pain in the two areas of the injury are constant and make it impossible to rest and sleep with anything touching the problematic areas. I have written to medical and submitted grievances as regards the pain I am continuing to experience and although p/t is being administered, no pain medication is being given. The numerous requests to see the dentist have been ignored and the broken tooth remains unattended to. (See attached sick call requests and grievances). There is a constant clicking in left arm shoulder area and movement is greatly inhibited and painful. Complainant quality of life has needless to say been greatly affected by this unprovoked attack and it has caused an existing health issue of hypertension to reach dangerously higher chance of suffering a stroke or heart attack as complainant is in constant fear of being the butt of yet another one of perpetual attacks as this latest was one of three. The others mentioned were said to have been reported to Internal Affairs and the Nassau County District Attorney after numerous grievances were filed but I have yet to receive any update and/or recourse as to what, if anything, is being investigated.

(Id. ¶ IV.A, and at 5.)

For relief, plaintiff seeks to recover "$1,000,000 (1 million dollars U.S.) for mental pain

and suffering, and $2,500,000 (two and a half million dollars U.S.) for physical pain and injury sustained." (Id. at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a

4

person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement of

a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable Section 1983 claim against this defendant. Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claims against him are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Section 1983 Claims Against the Jail

Plaintiff names the Jail as a defendant. However, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1). However, given plaintiff's *pro se* status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County. For the reasons that follow, he has not.

### a. Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature

caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Nassau County.

7

Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against the Jail or Nassau County, such claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 3. Section 1983 Claims Against Deputy Moody and Deputy Grimaldi

Although plaintiff's Section 1983 claims against Deputy Moody and Deputy Grimaldi are thin, the Court declines to dismiss them *sua sponte* at this early stage in the proceedings. Accordingly, the Clerk of the Court is requested to issue summonses for these defendants and to forward the summonses together with copies of the complaint to the United States Marshal Service for service upon these defendants forthwith.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed as against the Jail and Sheriff Sposato for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Deputy Moody and Deputy Grimaldi shall proceed and the Clerk of the Court is requested to issue summonses for these defendants and to forward the summonses together with copies of the complaint to the United States Marshal Service for service upon these defendants forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date: July 16, 2018     /s/ (JMA)
Central Islip, New York   JOAN M. AZRACK
                          UNITED STATES DISTRICT JUDGE