| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>SEAN E. TUTT,<br><br>                             Plaintiff<br><br>             -against-<br><br>DEPUTY MOODY and DEPUTY GRIMALDI,<br><br>                            Defendants.<br>------------------------------------------------------------------------X | <u>**For Online Publication Only**</u><br><br><br>**FINDINGS OF FACT &<br>CONCLUSIONS OF LAW**<br>18-CV-324 (JMA) (ARL) |

**APPEARANCES:**

Sean E. Tutt
18-A-1480
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458
     *Plaintiff Pro Se*

Mary E. Mahon
Callan W. Tauster
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
     *Attorneys for Defendants*

**AZRACK, United States District Judge:**

      Plaintiff *pro se* Sean E. Tutt ("Plaintiff") brings this single-count excessive force action against Corrections Officers Jeffrey T. Moody ("Moody") and Anthony Grimaldi ("Grimaldi" and together, "Defendants") pursuant to 42 U.S.C. § 1983. Plaintiff seeks recovery for injuries allegedly stemming from an incident with Defendants on September 27, 2017.

      On November 14, 2022, an in-person bench trial took place before the undersigned. At trial, three witnesses testified – Plaintiff and each of the Defendants. As detailed below, the Court finds that that each of the Defendants were entirely credible, while the Plaintiff's testimony was

only partially credible. After carefully reviewing the trial transcript and exhibits in light of its own recollections of the trial and perceptions of the credibility of the witnesses who testified, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). As explained below, the Court finds that Plaintiff failed to satisfy his burden to prove by a preponderance of the evidence that Defendants used excessive force during their interactions with him on or about September 27, 2017.

## I.    FINDINGS OF FACT

Plaintiff has been incarcerated in multiple facilities across New York State since at least January 2016[1] and was incarcerated at the Nassau County Correctional Center (the "NCCC") on the date of the alleged incident. (Tr.[2] 4-5.) Corrections Officers Moody and Grimaldi are seasoned law enforcement officers who have been employed by the Nassau County Sheriff's Department – and detailed to the NCCC – since 1993 and 2011, respectively. (Tr. 47, 55.) Officers Moody and Grimaldi have both completed a three-month law enforcement training academy, as well as taken initial and refresher courses in CPR, proper use of firearms and pepper spray, proper handcuffing techniques, and the use of force. (Tr. 47-50, 55-56.)

On or about September 27, 2017, while in the custody of the Nassau County Sheriff's Department, Tutt was transported by Officers Moody and Grimaldi to the New York State courthouse located in Mineola, Long Island, for a criminal court appearance. (Tr. 4-5, 54-57.) Upon arrival at that courthouse, Plaintiff was placed in a holding cell for – according to him – approximately "two to three hours." (Id.) After this point, the parties' testimony diverged.

---

[1] As neither party offered evidence at trial of the total duration for Plaintiff's incarceration, this timeline was gleaned from Plaintiff's internal grievance file, which was admitted into evidence at trial. (See Ex. A.)

[2] Citations to "Tr." refer to pages of the transcript of the bench trial held on November 14, 2022.

At trial, Plaintiff alleged that Officer Moody "came to extract [him] from the [holding] cell" prior to his scheduled criminal conference. (Tr. 5.) In doing so, Plaintiff alleged that Officer Moody grabbed him by one arm, and put handcuffs on so tight that they cut off the circulation in Plaintiff's wrists. (Tr. 5-7.) At no point during trial did Plaintiff testify that he ever complained to Officer Moody that the handcuffs were too tight or asked that they be loosened. (Id.; see also Tr. 52.) Officer Moody then allegedly pushed Plaintiff towards the holding cell bars, causing the left side of Plaintiff's face to hit the bars. (Id.) Officer Moody then transferred Plaintiff to Officer Grimaldi's custody. (Tr. 8.) Plaintiff allegedly requested that Officer Grimaldi loosen the handcuffs – which Officer Grimaldi agreed to do. (Id.) According to Plaintiff, however, the handcuffs were still too tight, and "the circulation was being cut off in [his] hands at that time." (Id.) Officer Grimaldi then transferred Plaintiff to the custody of the New York State court officers. (Tr. 8-9.)

Based on his interactions with Officers Moody and Grimaldi, Plaintiff alleges that he suffered a torn left rotator cuff, deltoid muscle tear in his left shoulder, neck tendinitis and muscle spasms, lacerations to the left his jaw and inner cheek, and a broken tooth. (Tr. 10-13, 19-24.) Notwithstanding his failure to offer any corroborating testimony or evidence to support the above allegations, the Court permitted Plaintiff to review his medical records and testify regarding his subsequent medical treatment. (Tr. 32.) During this testimony, Plaintiff admitted that while he received multiple MRIs on his left shoulder and deltoid area in 2017 and 2019, none of the results of those MRIs revealed a torn rotator cuff or deltoid muscle. (Tr. 31-38, 44-45.)[3] Plaintiff similarly

---

[3] Neither party submitted any testimony or records regarding Plaintiff's alleged broken tooth, outside of a single statement by Plaintiff that the NCCC's in-house dentist "had to see [Plaintiff] about the tooth." (Tr. 22.) Plaintiff provided no corroborating evidence for this claim.

3

conceded on cross-examination that he sustained injuries to his left shoulder and wrist in July 2017 – over two months prior to the alleged incident at issue.  (Tr. 29-30.)

At trial, Officers Moody and Grimaldi both testified that they vaguely recalled interacting with Plaintiff on the date in question and denied using any force – outside of handcuffing Plaintiff – in their interactions with him.  (Tr. 50-57.)  Specifically, Officer Moody testified that no inmates complained to him that day about their handcuffs being too tight, but if an inmate had complained, he (Officer Moody) would have loosened that inmate's handcuffs.  (Tr. 52.)  Similarly, on cross-examination, both Officers testified that, outside of the instant lawsuit, their conduct in handling inmates had never been questioned or investigated.  (Tr. 54, 57.)  At trial, the only testimony received came from Plaintiff, and each of the Defendants.

Ultimately, the Court does not credit Plaintiff's testimony that the Officer Moody pushed Plaintiff towards, and ultimately into, the cell bars.  Nor does the Court credit Plaintiff's testimony that the officers put handcuffs on him that were too tight and that cut off the circulation in his wrists.

## II.     LEGAL STANDARD

To redress civil rights violations committed by governmental officials, including corrections officers, 42 U.S.C. § 1983 provides: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law." Id.  A § 1983 claim "has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of [his] rights or privileges secured by the Constitution or federal laws."  Simmons v. Cnty. of Suffolk, No. 14-cv-3884, 2015 WL

5794347, at *3 (E.D.N.Y. Sept. 30, 2015) (citing Annis v. Cnty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998)).

Where, as here, a plaintiff asserting an excessive force claim has been convicted of a crime, and incarcerated prior to the date of the alleged incident, the Eighth Amendment's prohibition of "cruel and unusual punishment" applies. See Lewis v. Westchester County, No. 20-cv-9017, 2021 WL 3932626, at *2-3 (S.D.N.Y. Sept. 2, 2021); see also Whitley v. Albers, 475 U.S. 312, 318–19 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the [government] has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); Younger v. City of N.Y., 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007)).

Plaintiff's burden of proof includes both an objective component and a subjective component. See Jones v. Falco, No. 20-cv-3485, 2022 WL 3668358, at *5 (S.D.N.Y. Aug. 25, 2022) (citing Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009)). To establish the objective component, Plaintiff must show that Defendants' use of force was excessive "in light of 'contemporary standards of decency.'" Wright, 554 F.3d at 268 (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Similarly, to establish the subjective component, Plaintiff must show that Defendants acted with "wantonness in light of the particular circumstances surrounding the challenged conduct." Wright, 554 F.3d at 268. Whether Defendants' action were "wanton" turns on whether they were taken "in a good-faith effort to maintain or restore discipline, to serve a legitimate penological objective, and not to maliciously and sadistically…cause harm." Houston v. Capra, No. 20-cv-2135, 2022 WL 748260, at *9 (S.D.N.Y. Mar. 11, 2022) (quoting Matthews v. N.Y.S. Dep't of Corr. & Cmty. Supervision, 2020 WL 1030647, at *6 (N.D.N.Y. Mar. 3, 2020)).

Finally, Plaintiff must demonstrate that Defendants' actions were the proximate and direct causes of his alleged injuries. See Deskovic, 673 F. Supp. 2d at 161; Bogart, 2015 WL 5036963 at *5.

### III.     CONCLUSIONS OF LAW

Based on the above standards, the Court concludes that Plaintiff has failed to submit credible evidence to support a finding of excessive force and therefore has not met his burden of proof. As Plaintiff was the only witness to testify about the alleged excessive force, his testimony and credibility regarding the events of September 27, 2017 is therefore critical to the Court's analysis.

At a bench trial, "[a]ssessments of the credibility of the witnesses and the weight to be given to particular pieces of evidence are peculiarly within the province of the [district court] and are entitled to considerable deference." Cont'l Ins. Co. v. Lone Eagle Shipping Ltd. (Liberia), 134 F.3d 103, 104 (2d Cir. 1998). "The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact[.]" Chacko v. DynAir Servs., Inc., 272 Fed. App'x 111, 112 (2d Cir. 2008) (summary order) (internal quotation marks omitted). "[A]s trier of fact, the judge is entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012) (internal quotation marks and citations omitted).

As stated earlier, the Court does not credit Plaintiff's testimony that the Officer Moody pushed Plaintiff towards, and ultimately into, the cell bars. Nor does the Court credit Plaintiff's testimony that the officers put handcuffs on him that were too tight and that cut off the circulation in his wrists. As the Court does not credit Plaintiff's account of these alleged events, his excessive force claim fails.[4]

---

[4] Even if the Court were to credit Plaintiff's testimony that he was handcuffed too tightly, such testimony is, by itself and without evidence of additional injury, insufficient to establish his excessive force claim. See, e.g., Burris

6

Plaintiff's testimony on the stand concerning the key events underlying his excessive force claim was simply not credible. Plaintiff's credibility was also undercut by the medical records in evidence. On the stand, Plaintiff admitted that: (1) he sustained injuries to his left shoulder and wrist in July 2017 – over two months prior to the alleged incident at issue, see Tr. 29-30; and (2) none of the multiple MRIs that he received on his left shoulder and deltoid throughout 2017 and 2019 revealed the alleged rotator cuff or deltoid injuries complained of by Plaintiff, see Tr. 31-38, 44-45. This evidence—which contradicted other aspects of his trial testimony and the allegations in his complaint—undermined Plaintiff's broader credibility and undercut his excessive force claim. Moreover, none of the evidence in the record—including this medical evidence—corroborated Plaintiff's testimony about the alleged excessive force.

Given the evidence set out above, as well as Plaintiff's general demeanor on the stand and failure to offer any corroborating witness testimony or evidence to support his account of the underlying incident, the Court finds Plaintiff's testimony not to be credible. The Court, thus, declines to credit Plaintiff's testimony. By contrast, the Court finds credible the trial testimony of Officers Moody and Grimaldi that they did not use any force against Plaintiff.

In light of the findings above, Plaintiff has failed to meet his burden of proof to establish that Defendants used excessive force.

---

v. Nassau County Dist. Attorney, No. 14-cv-5540, 2022 WL 889027, at *4 (E.D.N.Y. Mar. 25, 2022); Lynch ex rel. Lynch v. City of Mount Vernon, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) ("[T]ight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort."). Plaintiff does has not offered credible evidence to establish that the allegedly tight handcuffs caused him any injury beyond temporary discomfort.

## IV. CONCLUSION

For the reasons set forth above, the Court directs the Clerk of Court to enter judgment accordingly in favor of the Defendants and close this case.

**SO ORDERED.**

Dated: December 28, 2022
       Central Islip, New York

                                                         /s/ (JMA)
                                                        JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE